STATE *vs.* JOHNSON.

An indictment or information charging that the respondent is a common cheat, and that he did by divers false pretences and false tokens deceive and defraud divers good citizens of this State, no particular fraudulent act being specified, is not sufficient.

THIS was an information against Johnson, charging that the said Johnson on the —— day of ———, was a common cheat, not following any lawful business.    That he did by divers false pretences, and divers false tokens, cheat and defraud the good people of this State.

*Rutland, June adj'd term, 1797.*

To this information there was a demurrer.

*Rutland,*
*June adj'd*
*term. 1797.*

State
*vs.*
Johnson.

*Cephas Smith,* for the respondent, took the following exceptions to the information :—

1st.—That the information contains no direct charge of a crime.

2d.—That the information charges the respondent with no particular fraudulent acts, and of course he cannot know how to prepare his defence.

Johnson is said to be a common cheat, but it is not alleged that at any particular time he cheated or defrauded any particular person ;. nor are any particular facts alleged which is necessary in an information for any fraudulent practice.—He cited 3 Salkild 186. Rex against Knights.—A charge that the respondent, being lately receiver, &c. did falsely indorse certain exchequer bills, in *deceptioni regis*—held too general—same 188. Rex against Stonehouse—for that she intending to deprive A. of certain sums of money, did falsely accuse him of felony in robbing her, &c.—held bad because not laid as a conspiracy.—2 Strange 1346. Rex against Cooper.—She was charged with being a common brawler—sowing discord, &c. held too general—2 Strange 1346. Rex against Taylor—for being a common disturber of the peace, and for abusing J. A. with opprobrious language in his own house—held too general—2 Str. 999. Rex against Robe.—for several extortions particularly set forth, and generally for suffering his servants to extort divers sums from sundry persons, under pretence of regulating weights and measures. The Jury found the respondent not guilty of the particular charges, and guilty of the general charges.—Held that the general charges cannot be supported even after verdict.

*By the Court.* Frauds are indictable, but the particular acts must be set forth, and they must be such as common prudence cannot guard against. This information cannot be supported.

General charges are allowed in two cases only—that of a common scold, and that of a common barrator. In all other cases it has been laid down as a rule, that the facts constituting the crime must be set forth so definitely that the Court can see what the crime is.

Judgment that the information is insufficient.